UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROGER B. STONE,  III, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-3229 |
| v. | : | |
| THE NEW JERSEY ADMINISTRATIVE | : | MEMORANDUM OPINION |
| OFFICE OF THE COURTS, VICINAGE I | | & ORDER |
| of SUPERIOR COURT,  THE STATE OF | : | |
| NEW JERSEY, and J. DOES #1 to #100, | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket No. 13] and Plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 24].   For the reasons below, the Defendants' Motion to Dismiss will be granted, and Plaintiff's Motion to Amend will be denied.

**Background**

Plaintiff Roger B. Stone, III has alleged that "[t]his is a disabled person's suit seeking relief from the New Jersey Court System's inadequate Americans with Disabilities Act (ADA) procedures accommodating citizens with mental (and physical) challenges, disabilities and disorders during court proceedings." (Compl. ¶ 1.)  In connection with two matters filed in the Superior Court of New Jersey, Law Division, Atlantic County, where Plaintiff was sued by his brother for abuse of process and "waste of a home jointly owned by the brothers," (id., ¶ 2), Plaintiff, who proceeded pro se, contends he sought, but did not find, "ADA information so that he could address his requests correctly to the court system."  (Id., ¶ 3.)  Thus, Plaintiff has alleged that "the Judiciary failed to effectively communicate the actual ADA procedures promulgated by the New Jersey Supreme Court (Supreme Court) or ADA policies administered by the Supreme Court's Administrative Office of the Courts (AOC)."  (Id.)

Plaintiff has further alleged that he did make requests for accommodation to the trial judges handling his cases. "They entertained his requests but ultimately turned him down (or in the case of the first judge just ignored the petition for relief) for his requested remedies of a guardian ad litem and counsel to assist him with 'access' to the court due to his mental disabilities." (Id., ¶ 4.) Specifically, the Complaint cites to an occasion where Plaintiff was denied "continuances" "on the record" on the basis that the requests "were made too close to trial." (Id., ¶ 5.)

## Applicable Standards

Federal Rule of Civil Procedure 12 governs a court's decision to dismiss a claim based on the pleadings. See Fed. R. Civ. P. 12. More specifically, Federal Rule of Civil Procedure 12(b)(1) governs a court's decision to dismiss a claim for "lack of subject matter jurisdiction" and Federal Rule of Civil Procedure 12(b)(6) governs a court's decision to dismiss a claim for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6).

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a case for lack of subject matter jurisdiction. A defendant may contest subject matter jurisdiction by attacking the face of the complaint (i.e., a facial attack) or by attacking "the existence of subject matter jurisdiction in fact, quite apart from any pleadings" (i.e., a factual attack). Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977); Schwartz v. Medicare, 832 F. Supp. 782, 787 (D.N.J. 1993); Donio v. United States, 746 F. Supp. 500, 504 (D.N.J. 1990). A facial attack "contest[s] the sufficiency of the pleadings." Common Cause of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009) (citation

2

omitted).  On a facial attack, the court must read the complaint in the light most favorable to the plaintiff and consider the allegations of the complaint as true. Mortensen, 549 F.2d at 891.

Under a factual attack, a court is not confined to the pleadings but may weigh and consider evidence outside the pleadings, including affidavits, depositions, and exhibits to satisfy itself that it has jurisdiction.  Id.; Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000); Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (stating that court can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction).  This is because on a factual motion to dismiss for lack of subject matter jurisdiction, the court's very power to hear the case is at issue. Mortensen, 549 F.2d at 891; Gotha, 115 F.3d at 179.  Moreover, on a factual attack, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claim.  Mortensen, 549 F.2d at 891.

Regardless of which approach is used, a plaintiff has the burden of proving that jurisdiction exists.  Lightfoot v. United States, 564 F.3d 625, 627 (3d Cir. 2009) (citing Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, 227 F.3d 62, 69 (3d Cir. 2000)); Mortensen, 549 F.2d at 891.  "The court may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction."  Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 438 (D.N.J. 1999) (citations omitted).

If the court finds that it lacks subject matter jurisdiction, it must dismiss the action under Rule 12(h)(3).  See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a complaint based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).   A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration.[1] See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).  It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977).  The question before the Court is not whether the plaintiff will ultimately prevail.  Watson v. Abington Twp., 478 F.3d 144, 150 (2007).  Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[2] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. - - -, 129 S. Ct. 1937, 1949 (2009)

---

[1]"Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002) (internal quotation marks and citations omitted) (emphasis deleted).

[2]This plausibility standard requires more than a mere possibility that unlawful conduct has occurred.  "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

(citing <u>Twombly</u>, 550 U.S. at 556).  "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  <u>Iqbal</u>, 129 S. Ct. at 1950.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" <u>Baraka v. McGreevey</u>, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness."  <u>Wyeth v. Ranbaxy Labs., Ltd.</u>, 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)); <u>see</u> <u>also</u> <u>Kanter v. Barella</u>, 489 F.3d 170, 177 (3d Cir. 2007) (quoting <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).  <u>Accord</u> <u>Iqbal</u>, 129 S. Ct. at 1950 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  <u>Twombly</u>, 550 U.S. at 555 (internal citations omitted).  <u>See</u> <u>also</u> <u>Iqbal</u>, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)."  <u>Twombly</u>, 550 U.S. at 556 (internal citations omitted).  "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

### C.  Standard on a Motion to Amend

Under Fed. R. Civ. P. 15(a), leave to amend pleadings shall be "freely give[n]" when "justice so requires." In Foman v. Davis, 371 U.S. 178 (1962), the Supreme Court articulated the policy of "freely" granting leave to amend as follows:  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."  Foman, 371 U.S. at 182; see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  A "trial court's discretion under Rule 15, however, must be tempered by considerations of prejudice to the non-moving party, for undue prejudice is 'the touchstone for the denial of leave to amend.' . . .  In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)); see also Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989).

6

### D.  The ADA, RA, and NJLAD

Title II of the ADA provides, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To state a claim under the ADA, a plaintiff must demonstrate: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in, or denied the benefits of, a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  Calloway v. Boro of Glassboro Dep't of Pol., 89 F. Supp. 2d 543, 551 (D.N.J. 2000).

Title II of the ADA was expressly modeled after section 504 of the RA, which provides, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).  A plaintiff bringing suit pursuant to section 504 "must show (1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  Strathie v. Dep't of Transp., 716 F.2d 227, 230 (3d Cir. 1983).

Finally, the NJLAD provides that "[a]ll persons shall have the opportunity . . . to obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation" without discrimination on the basis of handicap.  N.J. Stat. Ann. § 10:5-4.

## Analysis

Here, Plaintiff has alleged the Judiciary failed to effectively communicate the actual ADA procedures promulgated by the New Jersey Supreme Court or ADA policies administered by the Supreme Court's Administrative Office of the Courts.  He has stressed that he did not have Internet access to "web only" notifications provided by the AOC.  Compl. at ¶ 14.  Plaintiff has alleged that he did make requests for accommodation to the trial judges handling his cases.  "They entertained his requests but ultimately turned him down (or in the case of the first judge just ignored the petition for relief) for his requested remedies of a guardian ad litem and counsel to assist him with 'access' to the court due to his mental disabilities."  Compl. at ¶ 4.  See also Compl. ¶¶ 15-29.

Accordingly, assuming Plaintiff suffers from a disability, Plaintiff has not alleged that he was either excluded from participation in, or denied the benefits of, a public entity's services, programs, activities, or accommodations or was otherwise discriminated against by the public entity.  Nor has Plaintiff connected any such exclusion, denial of benefits, or discrimination to his alleged disability.  This, Plaintiff's allegations do not state plausible claims under the ADA, RA, or NJLAD.  In addition, the Court notes that  at least one other court in this district has found "allegations of problems with internal Title II complaint procedures do not state a claim under the ADA."  Duffy v. Freed, 2010 WL 3740659 *4 (D.N.J. Sept. 17, 2010) ("The public entity's obligation is to not discriminate.  Such entities make additional efforts to resolve any potential discrimination by implementing proactive procedures according to the Department of Justice regulations, but the adequacy of these procedures is not itself an ADA concern.").

8

Again assuming Plaintiff suffers from a disability, his claim is that:

> He has filed an ADA accommodation requests [sic] with the judiciary, some were ignored and others were turned down. Ultimately, he had a right to both a guardian and attorney so he could 'access' the Court System equally with persons without disabilities due to his mental disabilities. The first judge did not even bother to go through the procedures for a guardian. The second did but then withdrew the guardian despite Dr. Hankin's explicit medical opinion that Roger would be unable to cope and resolve his disputes in the Court System. He apparently did this on the mistaken belief that he did not need to provide a guardian (or attorney), or otherwise accommodate Roger because he was "sane" – that he could understand the issues in the case.

(Compl. at ¶ 10.) Further, the Complaint states that at least one State court's decision "shows an extreme lack of training on what level of mental disability is required for appointment (or maintenance) of a guardian." (Id. at ¶ 27.)

In addition to failing to state a claim, therefore, it appears this matter, in essence, is an appeal of decisions made by the State courts. Accordingly, to bring this issue before the federal court violates the principles set forth by the Rooker-Feldman doctrine. "Under the Rooker-Feldman doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). A case is the functional equivalent of an appeal from a state court judgment in either of two instances: (1) when the claim was actually litigated before the state court; or (2) when the claim is "inextricably intertwined" with the state adjudication. ITT Corp. v. Intelnet Int'l Corp., 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is inextricably intertwined with an issue adjudicated by a state court when: (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested

relief; or (2) the federal court must take an action that would negate the state court's judgment or prevent enforcement of its order.  Walker v. Horn, 385 F.3d 321, 330 (3d Cir. 2004).  "Importantly, if a plaintiff's claim in federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court."  Taliaferro, 458 F.3d at 193 (citing Exxon Mobil Corp, 544 U.S. at 293.)

Regardless of whether Plaintiff's allegations were "actually litigated" in the underlying State proceedings, the Court finds that they are "inextricably intertwined" with those proceedings.  Granting the requested relief would necessarily negate the State court's judgments and prevent enforcement of its Orders.  Plaintiff's recourse was within the State court system, as a request for reconsideration or an appeal.  Pursuant to the Rooker-Feldman abstention doctrine, this Court lacks subject matter jurisdiction over the Plaintiff's claims.

Regarding the request that Plaintiff be afforded leave to amend the Complaint, the Court finds that such an amendment would be futile.  The proposed Amended Complaint suffers from the same fatal flaws as have been discussed here.  In addition, the "request that the Court appoint a client [presumably intended to request a guardian] for the mentally disabled client," included in the cross-motion is not appropriate in this case, as Plaintiff's interests are adequately represented by counsel.

<u>Conclusion</u>

For these reasons,

IT IS ORDERED on this 5th day of September, 2012, that Defendants' Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket No. 13] is hereby <u>GRANTED</u>.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint [Docket No. 24] is hereby <u>DENIED</u>.

 /s/ Joseph H. Rodriguez<br>
JOSEPH H. RODRIGUEZ<br>
U.S.D.J.
