UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROGER B. STONE, III, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 11-3229 |
| v. | : | |
| THE NEW JERSEY ADMINISTRATIVE OFFICE OF THE COURTS, VICINAGE I of SUPERIOR COURT, THE STATE OF NEW JERSEY, and J. DOES #1 to #100, | : : : : | MEMORANDUM OPINION & ORDER |
| Defendants. | : | |

  This matter having come before the Court on Plaintiff's application to proceed in forma pauperis on appeal from this Court's dismissal of his case for lack of jurisdiction and failure to state a claim, and on Plaintiff's motion to seal his applications for in forma pauperis status; and

  The Court having considered Plaintiff's requests; and

  The Court finding that appeal may be taken in forma pauperis if the appellant is unable to pay costs and the appeal is taken in good faith, 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a); and

  The Court further finding that appellate review is made in good faith whenever an appellant seeks review of an issue that is not frivolous when viewed from an objective standard, Coppedge v. United States, 369 U.S. 438, 445 (1962); and

  The Court finding that Plaintiff has failed to advance reasoned, non-frivolous argument on the law and facts in support of issues raised on appeal; and

  The Court therefore certifying that the appeal from this Court's decision has not been taken on good faith; and

The Court finding that a motion to seal is governed by the requirements set forth in Local Civil Rule 5.3, which begins with the presumption that "all materials and judicial proceedings are matter of public record and shall not be sealed," L. Civ. R. 5.3(a)(4); and

To override this presumption of public access, the moving party bears the burden of showing that "good cause" exists for the protection of the material. "Good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy v. Borough of Straudsburg, 23 F.3d 772, 786 (1994)); and

Accordingly, in any motion to seal or otherwise restrict public access, "the motion papers shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2);

The Court finding that Plaintiff's attorney has argued "I believe [the IFP applications] clearly should be sealed from the public if requested for numerous policy reasons, . . . for example, if a member of the public had knowledge that the IFP applicant has a job or is wealthy, they would be free to notify the Court that the IFP form was possibly fraudulent."

The Court finds that Plaintiff has not shown good cause to seal his applications for in forma pauperis status.

Accordingly,

IT IS ORDERED this 24th day of October, 2012 that the form entered on the docket as entry [32] is hereby <u>VACATED</u>.

Upon analysis of the application to proceed in forma pauperis on appeal from this Court's dismissal of his case for lack of jurisdiction and failure to state a claim, the Court <u>DENIES</u> the application, and further <u>DENIES</u> Plaintiff's motion to seal his applications to proceed in forma pauperis.

      <u>/s/ Joseph H. Rodriguez</u>
JOSEPH H. RODRIGUEZ
U.S.D.J.